The STATE of Ohio, Appellee,

v.

THOMPSON, Appellant.

[Cite as *State v. Thompson* (1999), 135 Ohio App.3d 164.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 99 CA 00008.

Decided Oct. 8, 1999.

*David M. Henry,* Miami County Prosecuting Attorney, for appellee.
*Konrad Kuczak,* for appellant.

Fain, Judge.

Defendant-appellant, Stephen Thompson, appeals from his conviction and sentence for operating a vehicle in violation of R.C. 5577.04 (weight limitations for pneumatic tired vehicles). Thompson contends that the state failed to prove that the scales used to weigh his truck had been properly sealed pursuant to R.C. 4513.33 and that the scales were functioning properly. He also contends that the state failed to prove that his vehicle was equipped with pneumatic tires, that it was weighed within a three-mile radius of the point where his vehicle was stopped or that the roadway upon which the vehicle was weighed was in conformity with the requirements of R.C. 4513.33. He further argues that the sentence imposed by the trial court was contrary to law.

We conclude that the state did fail to prove that Thompson's vehicle was equipped with pneumatic tires or that the scales upon which the vehicle was weighed were in conformity with the requirements of R.C. 4513.33. Thus, the conviction is not supported by sufficient evidence. We need not address the remainder of the claimed errors. Accordingly, the judgment of the trial court is *reversed,* and Thompson is ordered *discharged.*

I

On August 31, 1999, Stephen Thompson was stopped by State Trooper Randy Lewis when at least one-half of his semi-tractor/trailer crossed onto the shoulder while operating on Interstate 75 in Miami County. Trooper Lewis noticed that the tires on the rear trailer were bulging, and that the treads on the double tires were almost touching. Suspecting that the vehicle was overweight, Trooper Lewis requested that Thompson show his permit for the load he was carrying. According to the permit, Thompson was only carrying two coils of steel and his truck had only five axles. Upon inspection, Trooper Lewis noted that the truck

actually had ten axles. Thompson permitted Trooper Lewis to inspect the interior of the two trailers, whereupon Lewis discovered that the cargo consisted of three steel coils. Trooper Lewis then requested that a "scales team" come weigh the truck.

Thompson was later cited for violating R.C. 5577.04 and was tried without a jury in the Miami Municipal Court. The trial court found that Thompson had violated the weight limitations set forth in the statute, and sentenced him accordingly. From his conviction and sentence, Thompson appeals.

## II

The first assignment of error states as follows:

"The trial court committed prejudicial error by finding the appellant guilty absent proof beyond a reasonable doubt that the scales upon which the vehicle of the appellant was weighed were in conformity with the requirements of ORC § 4513.33."

Thompson contends that the state failed to prove that the scales used to weigh his vehicle were sealed in conformity with the law and, thus, the trial court erred by finding him guilty of operating an overweight vehicle.

In regard to the necessity of proving that scales were properly sealed, the Ohio Supreme Court has stated:

"We conclude further that in order to establish a prima facie case on a charge of vehicle overload it is also incumbent upon the state to prove that the scale used in weighing the vehicle had affixed to it the type of official seal customarily employed by municipal, county or state sealers in the performance of their duties under R.C. 4513.33, which provides in pertinent part:

" 'Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing of it by means of a compact, self-contained, portable, sealed scale specially adapted to determine the wheel loads of vehicles on highways * * *. All scales used in determining the lawful weight of a vehicle and its load shall be annually compared by a municipal, county, or state sealer with the state standards * * * and such scales shall not be sealed if they do not conform to the state standards * * *.' " *State v. Gribble* (1970), 24 Ohio St.2d 85, 88, 53 O.O.2d 222, 223, 263 N.E.2d 904, 906.

Thompson's argument essentially raises an issue as to the sufficiency of the evidence. We have previously discussed the law as it pertains to the sufficiency of the evidence as follows:

"A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. [*State v,*] *Thompkins* [(1997), 78 Ohio St.3d 380, 678 N.E.2d 541.] The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jones* (Apr. 23, 1999), Montgomery App. No. 17381, unreported, 1999 WL 249221.

In this case, the state produced one affidavit, which was received in evidence, indicating that one of the scales was properly sealed. However, our review of the record reveals that the state failed to submit any evidence in regard to the remaining nineteen scales used to weigh Thompson's vehicle.[1] With respect to nineteen of the twenty scales used to weigh Thompson's truck, there is no evidence in the record to prove that they were sealed at the time of the weighing, as required by R.C. 4513.33.

Accordingly, Thompson's first assignment of error is sustained.

### III

In his fourth assignment of error, Thompson alleges:

"The trial court committed prejudicial error by finding the appellant guilty when the state failed to prove that ORC § 5577.04 was applicable to the vehicle operated by appellant in that it failed to offer proof that it had pneumatic tires. (no evidence in the record)."

██ Thompson contends that the state failed to establish the type of tires used on his vehicle, and therefore failed to establish a violation of R.C. 5577.04. The state claims that the failure to establish the type of tire is harmless error.

The Ohio General Assembly has identified two types of vehicle tires: pneumatic and solid. See R.C. 4501.01(R) and (S). "Pneumatic tires" are defined as "tires of rubber and fabric or tires of similar material that are inflated with air," while "solid tires" are defined as "tires of rubber or similar elastic material that

---

1. At oral argument, the state did not dispute Thompson's contention that only one affidavit is in evidence in the record of this case.

are not dependent upon confined air for support of the load." *Id.* R.C. 5577.04 sets forth weight limitations for "pneumatic tired vehicles." R.C. 5577.041 sets forth limitations for "solid-tired vehicles."

It is clear from a reading of these statutes that they are specific and apply only to vehicles equipped with certain, and different, types of tires. The essence of the offense entails a determination of the type of tire used in order to determine which statute has been violated and under which statute a defendant may be convicted.

From our review, we must agree that the record is devoid of any proof as to the type of tire on Thompson's vehicle. The only testimony regarding the tires was that Trooper Lewis observed them to be bulging; testimony that falls short of establishing the type of tire. The state appears to concede that there was a failure of proof as to this element of the charge. However, the state argues that this was harmless error because the vehicle was overweight for either type of tire. We cannot agree. The state charged a violation of R.C. 5577.04, and has failed to prove an essential element of that offense. It is immaterial that the alternative factual scenario, the use of solid tires, would be an element of proof of a different statutory violation. By analogy, a defendant charged with possession of a certain quantity of marijuana is entitled to an acquittal if the substance is shown to have been cocaine, not marijuana, even though possession of that quantity of cocaine might itself be a criminal offense, and a more serious offense, at that. Likewise, without proving that Thompson's vehicle was equipped with pneumatic tires, the state has failed to meet its burden of proof; a failure of proof that is fatal.

Thompson's fourth assignment of error is sustained.

## IV

Thompson's first and fourth assignments of error having been sustained, we need not address his other assignments of error. The judgment of the trial court is *reversed*, and Thompson is ordered *discharged.*

*Judgment reversed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.